

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NOS. WR-81,750-02 & WR-81,750-03

### EX PARTE GRAYLON TARAYE IVERY, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS CAUSE NOS. 1323397A & 1323680B IN THE 8TH DISTRICT COURT FROM HOPKINS COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). In the -02 case, Applicant was convicted of delivery of a controlled substance in a drug free zone and sentenced to ten years' imprisonment. In the -03 case, Applicant entered an open plea of guilty to possession of a controlled substance in a drug free zone, and was sentenced to twenty years' imprisonment to run consecutively with the -02 sentence. The Sixth Court of Appeals affirmed his conviction in the -02 case. *Ivery v. State*, No. 06-13-00250-CR (Tex. App. — August 12, 2014) (not designated for publication). Applicant did not

appeal in the -03 case.

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance because counsel did not investigate or file a motion for a hearing pursuant to *Franks v. Delaware,* 438 U.S. 154 (1978). Applicant alleges that the police officers who obtained the arrest warrant in the -02 case made false statements in their affidavits in support of the warrant, and that the fruits of the arrest warrant, which included the evidence in the -03 case should have been suppressed.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. Specifically, counsel shall state whether the police officers in their affidavits in support of the arrest warrant falsely stated that they had witnessed the actual transfer of drugs between Applicant and the confidential informant. Trial counsel shall state whether he considered requesting a *Franks* hearing or filing a motion to suppress on this basis. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id.*

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

---

[1]This Court has reviewed Applicant's other claims in both applications, and finds them to be without merit.

The trial court shall first supplement the habeas record with copies of the affidavits in support of the search warrant. In addition, the trial court shall supplement the habeas record with a copy of the complete record in the -02 case, including copies of all pre-trial motions and transcripts of any pre-trial hearings, the trial itself, and the punishment hearing. If any pre-trial motions were filed and ruled upon prior to Applicant's plea in the -03 case, the trial court shall also supplement the habeas record with copies of those motions and rulings. The trial court shall then make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: July 29, 2015
Do not publish